# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAM JONES III,

      Petitioner,      Case Number: 2:07-CV-13376

v.              HON. GEORGE CARAM STEEH

KENNETH ROMANOWSKI,

      Respondent.
_____/

**ORDER (1) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, (2) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO AMEND THE PETITION OR, ALTERNATIVELY, HOLD IT IN ABEYANCE, AND (3) GRANTING PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT CLAIM**

  Petitioner Sam Jones III, a state inmate incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for a writ of habeas corpus challenging his conviction for second-degree murder. Now before the Court are Petitioner's "Motion for Appointment of Counsel," "Motion to Amend the Petition or, Alternatively, Hold it in Abeyance," and "Motion for Leave to Supplement Claim."

  There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the

interests of justice do not require appointment of counsel at this time, and will deny the motion without prejudice.

Petitioner also has filed a "Motion to Amend Petition, or Alternatively, Hold it in Abeyance." Petitioner seeks to amend the petition to include a claim of actual innocence. Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. Petitioner filed his motion before a responsive pleading was served. Therefore, this Court will permit Petitioner to amend his habeas corpus petition. Petitioner also sought the alternative relief of holding the petition in abeyance to exhaust his state court remedies with respect to this claim, while simultaneously asserting that no state court remedies remain available. The Court will not hold a petition in abeyance for the exhaustion of state court remedies where no such remedies remain. Therefore, the Court denies this portion of the motion.

Finally, Petitioner filed a "Motion for Leave to Supplement Claim Involving the *Giglio* Violation . . . and Motion for Leave to Expand the Record." Petitioner seeks to supplement his *Giglio* claim and expand the record by filing an affidavit from Amber Smith, which he argues supports his claim. Rule 7, Rules Governing Section 2254 Cases, allows for expansion of the record in habeas corpus proceedings as follows:

> (a) If the petition is not dismissed summarily the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition.
>
> (b) The expanded record may include, without limitation, letters predating the filing of the petition in the district court, documents, exhibits, . . . Affidavits may be submitted and considered as part of the record.

Rule 7, Rules Governing Section 2254 Cases.

The Court determines that the affidavit Petitioner seeks to have included as part of the record may be relevant to addressing the merits of the habeas corpus petition, and shall therefore grant the motion.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" [dkt. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Amend the Petition or, Alternatively, Hold it in Abeyance" [dkt. #5] is **GRANTED IN PART AND DENIED IN PART**. Petitioner's request to amend the petition is granted and his request to hold the petition in abeyance is denied.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Leave to Supplement Claim Involving the *Giglio* Violation . . . and Motion for Leave to Expand the Record" [dkt. #13] is **GRANTED**.

Dated: June 3, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 3, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---